UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DE LA TORRE,<br><br>    Plaintiff,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>    Defendants. | Case No. 25-cv-08998-JSC<br><br>**ORDER VACATING TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 10, 13 |

Petitioner filed a writ of habeas corpus in the Northern District of California on October 19, 2025 and moved for a temporary restraining order the following day, which the Court granted. (Dkt. No. 10.) After the Court granted the TRO, the government filed an opposition noting that Petitioner was detained in Fresno, California, in the Eastern District of California. (Dkt. No. 11.) The government also released Petitioner from custody, in compliance with the Court's order. (Dkt. No. 12.) On October 22, 2025, the Court issued an order to Petitioner to show why the petition should not be dismissed, noting the Court does not have jurisdiction to entertain the petition as the Northern District of California is not where Petitioner was detained. (Dkt. No. 11.) Petitioner filed a Response the next day, arguing the case should be transferred "in the interest of justice" under 28 U.S.C. Sections 1404(a) and 1406(a). (Dkt. No. 14.)

These statutes do not authorize the Court to hear this petition. First, Petitioner does not address and thus does not dispute this Court never had jurisdiction to issue the temporary restraining order in the first instance. So, the temporary restraining order must be vacated. Second, sections 1404(a) and 1406(a) allow transfer only to districts where the petition "might have been brought." 28 U.S.C. §§ 1404(a), 1406(a). The petition could not have been filed here because, as noted in the Court's Order to Show Cause, "the only federal court that can properly

entertain a habeas petition is one located in the 'district in which the applicant is held,' in other words, the district of confinement." *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024) (citing 28 U.S.C. § 2242); (Dkt. No. 13.)  Third, as Petitioner has been released, he is no longer in custody.

Accordingly, the Court **VACATES** the Temporary Restraining Order and **DISMISSES** Petitioner's habeas petition without prejudice.

This order disposes of Dkt. Nos. 1 and 10.  The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 24, 2025

JACQUELINE SCOTT CORLEY
United States District Judge